## McGILL v. THORNE.

Deeds—Mortgages.—Where a creditor takes a deed for lands over which he holds a mortgage, all questions of amount due on mortgage debt being left open to be ascertained in future, mortgage not cancelled, grantor left in possession of land as before and continued credit extended to grantor, the deed will be declared a mortgage.

Before Watts, J., Williamsburg, January, 1904. Affirmed.

Action by Derry McGill against P. B. Thorne.

5—70.

The Circuit decree is as follows:

"This case came on to be heard upon the testimony taken and the report of Charles W. Stoll, Esq., special referee, and upon argument of counsel. The plaintiff seeks to have a deed of conveyance of a tract of 175 acres of land made by the plaintiff to the defendant, P. B. Thorne, dated January 18, 1900, adjudged by this Court to be a mortgage. The referee finds and reports as matter of fact, that the deed in question was intended, at the time of its execution, to be a mortgage, and that it was to stand as security for whatever amount the plaintiff was then owing the defendant. The defendant raises various exceptions to the report of the referee, but I do not think it necessary to a determination of the question here involved to consider all of the exceptions raised, since, in my judgment, the only question to be settled by this Court, at this time, is, was the deed of January 18, 1900, intended to be operative only as a mortgage?

"Before a court of equity will adjudge said deed to be a mortgage, the plaintiff must show by clear and convincing evidence that such was the intention of the parties, when the deed was executed and delivered to the defendant. The relation of debtor and creditor must also be shown when the deed was executed. Whether a conveyance be a sale or a mortgage, must be determined by a consideration of the particular circumstances of each case, and the only safe criterion is the intention of the parties to be ascertained by considering their situation and the surrounding facts. What was the situation of the parties and under what circumstances was the deed referred to executed by the plaintiff to the defendant?

"It seems from the testimony that the transactions between plaintiff and defendant extend over a period of about eighteen years, and that at no time during this period did the defendant ever tell the plaintiff how much he owed him; that on the day the deed was executed, the plaintiff asked the defendant how much he was indebted to him, and that

defendant told him he did not know and could not tell him. Plaintiff contends that the deed in question was given with the understanding that whenever he paid the defendant whatever was due the defendant, the deed and the mortgage, which the defendant then held, were to come back to him. All questions as to how much was due on the mortgage were left open, the amount of the indebtedness to be ascertained in the future; the mortgage which the defendant then held was not cancelled; the plaintiff was left in possession of the land and paid no rent for two years thereafter; treating the land as his own and, so far as the testimony shows, recognizing the deed only as a mortgage. The defendant exercised no acts of ownership over the land during this period and made no effort to collect the rent which he now claims was due, notwithstanding the fact that the plaintiff ginned cotton at his ginnery each year and he could have easily collected the rent. And as soon as the defendant began to press the plaintiff for rent and began proceedings to eject him, this suit to have the deed declared a mortgage was commenced. It is in evidence that as late as December, 1901, or January, 1902, two years after the deed was executed, that the defendant said that he had both a deed and a mortgage on said tract of land. A deed is what on its face it purports to be, but when the party attacking the deed sets out in his complaint the necessary allegations, that the deed, though absolute on its face, was intended as a mortgage, and these allegations are sustained by testimony *prima facie* showing that they are true, then it is incumbent on the mortgagee to remove the inference that may be drawn from such *prima facie* showing that the deed is only a mortgage. *Shiver* v. *Authur*, 54 S. C., 191.

"I think that in this case the plaintiff has made such *prima facie* showing by evidence that is clear, unequivocal and convincing. On the other hand, I do not think that the defendant has been able to remove the presumption that naturally arises from such showing, for it is clear that no settlement was made on the day the deed was given, and

that McGill was never informed by the defendant how much he owed him; that question being deferred to some future time; that McGill was to continue to make payments on this old mortgage debt, and was to pay interest on this debt after the deed was given; hence it is clear that the debt existing at the time was not cancelled and discharged. Having reached the conclusion that the debt existing between these parties on the 18th day of January, 1900, was not paid by the deed of that date, it is clear that the deed could not have any other force in equity than that of a mortgage. I think the facts and circumstances in the case are sufficient to support the finding of the referee. As the case must go back to the referee to ascertain the amount due on the mortgage, I shall leave all questions of payments and the time of the payments to be settled by further testimony. It is, therefore, ordered, adjudged and decreed:

"I. That the exceptions to the report of the referee be overruled, and that said report be, and the same is herby, in all respects confirmed, except as herein stated.

"II. That the deed of Derry McGill to P. B. Thorne, dated January 18th, 1900, is in equity only a mortgage.

"III. That it be referred to the same referee, Charles W. Stoll, Esq., to take such additional testimony as may be offered, after giving notice of reference, and to ascertain and report to this Court, without delay, the amount due by the plaintiff, as secured by said deed to the defendant.

"IV. That the defendant pay the costs of this action."

From this decree defendant appeals on following exceptions:

"1. That his Honor erred in holding that the deed of Derry McGill to P. B. Thorne, dated January 18th, 1900, is in equity only a mortgage.

"2. That his Honor erred in holding that there was any agreement between the parties, as set up by the plaintiff, that the conveyance should stand simply as security for the amount which the plaintiff was then owing to the defendant, and was to be operative only as a mortgage.

"3. That his Honor erred in holding that the plaintiff has shown by evidence that is clear, unequivocal and convincing, that the deed of January 18, 1900, was intended as a mortgage, when such evidence consists solely of the testimony of the plaintiff himself.

"4. That his Honor erred in not holding that even if the plaintiff has shown *prima facie* that the deed was intended as a mortgage, such showing has been rebutted and overcome by the preponderating testimony of Thorne, the defendant, and the witness, S. McBride Scott, two out of the three witnesses who were present at the transaction, and who both testified that the deed was given in settlement of the mortgage debt, with the right to the plaintiff of repurchasing on certain conditions, and that these conditions not being fulfilled, the deed became absolute.

"5. That his Honor erred in not dismissing the complaint, when the allegations in the complaint that the 'deed of conveyance was intended as security for the amount which the plaintiff was then owing, etc.,' was not sustained by testimony *prima facie* showing that it was true, and when there was no testimony whatsoever put forth by the plaintiff to sustain the allegation, except his own testimony.

"6. That his Honor erred in not holding that there was a variance between the allegations of the complaint and the proof offered by the plaintiff, and should have held that while the complaint stated a case for having an absolute deed declared to be a mortgage, the evidence of the plaintiff, if it proved anything, only went to show an agreement to reconvey the land.

"7. That his Honor erred in holding that McGill was to continue to make payments on this old mortgage debt, and was to pay interest on this debt after the deed was given.

"8. That his Honor erred in holding that the debt existing between the parties on the 18th day of January, 1900, was not paid by the deed of that date, and that facts and circumstances in this case are sufficient to support the finding of the referee.

"9. That his Honor erred in that he did not hold that when the plaintiff obeyed the defendant's demand in the fall of 1902, for the cotton raised on the place to be applied to the rent for that year, and actually delivered the cotton to the defendant to be so applied, he thereby admitted his tenancy, and is now estopped from denying it.

"10. That his Honor erred in holding that the defendant 'exercised no acts of ownership over the land during this period (January, 1900-December, 1902), and made no effort to collect the rent which he now claims was due,' when it is clearly shown in the testimony that plaintiff paid $20 on account of rent in the fall of 1900, and delivered two bales of cotton in the fall of 1902, in response to plaintiff's demand.

"11. That his Honor erred in that he did not find in favor of the defendant upon the preponderance of the evidence, and that he erred in not dismissing the complaint herein."

*Mr. Robert J. Kirk,* for appellant, cites: *Agreement to reconvey on payment of amount of debt, does not effect it:* Jones on Mtg., 258, 265, 267; 15 Ency., 785; 61 S. C., 579; 55 S. C., 70; 61 S. C., 79; 31 S. C., 281; 3 Pom. Eq. Jur., 1195, 1196; 64 S. C., 177; 52 S. C., 54. *Proof must be clear:* 54 S. C., 191; 66 S. C., 89; 31 S. C., 281.

*Mr. Le Roy Lee,* contra, cites: *If there was a debt and deed was to secure its payment, the deed is mortgage:* 45 S. C., 614; 52 S. C., 54; 55 S. C., 510, 570; 54 S. C., 184; 41 S. C., 163; 50 S. C., 169; 45 S. C., 614. *If debt is not discharged, deed is mortgage:* 3 Pom. Eq. Jur., sec. 1195; 31 S. C., 281; 20 Ency., 2 ed., 940. *Doctrine of estoppel has no application:* 13 S. C., 370, 25, 446; 42 S. C., 351; 57 S. C., 518.

November 9, 1904. The opinion of the Court was delivered by

Mr. Chief Justice Pope. The controversy here presented relates to two tracts of land in Williamsburg County,

in this State, aggregating 175 acres.   The plaintiff contends that while the defendant held a mortgage on the said tracts of land for a small balance, the defendant induced him to sign a deed, conveying the said lands to the defendant in fee simple, and did not satisfy the mortgage.   The defendant admits that no money passed from him to the plaintiff and that the mortgage was not satisfied.   The defendant is a business man, the plaintiff is an uneducated man, without the power to read or write.

By consent of all the parties, the issues of law and fact were referred to C. W. Stoll, Esq.   He took all the testimony and made his report.   He, in an able and clear report, found all the issues in favor of the plaintiff.   To this report the defendant duly excepted.   Judge Watts heard the whole case, and in a clear decree confirmed the report and adjudged that the deed of 1900 was but a mortgage, and referred it back to the referee to take testimony as to the accounts between the plaintiff on the one part and the defendant on the other part.   From this decree the defendant has appealed. The grounds of appeal will be reported.

We have examined each one of these eleven grounds, relating as they do to questions of fact.   We have studied the testimony.   This examination convincing us that the referee and the Circuit Judge are correct in their findings of fact.   Let the decree of the Circuit Judge be reported.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the action be referred to C. W. Stoll, Esq., as special referee, to take such additional testimony as may be offered, and ascertain and report to the Circuit Court without delay the amount due by the plaintiff, as secured by said deed of 18th day of January, 1900.

Mr. Justice Gary *concurs except as to order of reference.*